IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE SUBJECT ELECTRONIC DEVICES | Case No. 15-0033SAG |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Special Agent ("SA") **Christian Aanonsen**, being duly sworn, deposes and states as follows:

1. This affidavit is submitted in support of an application for search and seizure warrant authorizing the search of a Samsung cell phone identified in Attachment A and hereinafter referred to as the "**Subject Electronic Device**." As detailed further below, the **Subject Electronic Device** was recovered from Vincent Jones during a search conducted incident to his arrest on a federal arrest warrant stemming from his Indictment for violations of 21 U.S.C. § 846, conspiracy to distribute and possession with intent to distribute heroin. The **Subject Electronic Device** is now in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Baltimore (ATF).

2. The applied-for warrant would authorize the forensic examination of the **Subject Electronic Devices** for the purpose of identifying electronically stored data particularly described in Attachment B.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my

1

personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated. Summaries and descriptions, including quotations, of recorded conversations are based on a review of audio recordings and draft transcripts thereof. In some instances, as indicated below, specific quotations are based on information obtained from confidential sources who participated in the conversations. I have set forth only the facts I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of 21 U.S.C. § 846 are presently located within the **Subject Electronic Devices.**

## YOUR AFFIANT

4. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United State Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am a Special Agent with the ATF and currently assigned to a joint task force comprised of ATF agents and detectives from the Baltimore Police Department (BPD). I have been employed by ATF since 2014 and successfully completed the Criminal Investigator Training Program and Special Agent Basic Training Academies at the Federal Law Enforcement Training Center located in Glynco, Georgia. Prior to joining the ATF, I was employed by the Department of Defense for two years as a uniformed police officer. I have conducted covert surveillance of suspected drug traffickers; interviewed individuals involved in drug trafficking activities; participated in a wiretap investigation where I was a monitor and member of surveillance teams. Through my training and experience, I have become familiar with the

manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, and the manner in which drug traffickers communicate with each other.

6. Based on my knowledge, training, and experience, individuals involved with drug trafficking activities frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities. Based upon your affiant's training, experience and participation in this and other drug trafficking investigations, I know the following:

   a. The fruits and instrumentalities of criminal activity are often concealed in digital form. Furthermore, digital camera technology is often used to capture images of tools and instrumentalities of pending criminal activity. Cell phones have both digital storage capacity and digital camera capabilities.

   b. Individuals involved in drug trafficking activities often use digital storage devices to maintain telephone number "contact lists" of individuals who may have assisted in the planning of this and other criminal activity.

   c. It has been my experience that individuals who possess or own hand guns or other weapons frequently photograph themselves holding the hand guns or other weapons.

   d. Additionally, photographs on a suspect's digital device sometimes show the suspect(s) handling suspected controlled substances.

   e. Finally, based on my training and experience, individuals who engage in drug trafficking activities often use cellular telephones to communicate with co-conspirators via phone calls and text messages.

## PROBABLE CAUSE

7. Vincent JONES aka "Cuddy," has been identified as a narcotics seller for the Richard SMITH Drug Trafficking Organization (DTO). An inquiry into JONES' criminal history revealed one conviction for possession with the intent to distribute controlled substances and five convictions for unlawful possession of controlled substances.

8. On September 22, 2014, the Honorable Richard D. Bennett authorized interception of wire and electronic communications occurring over the cellular telephone assigned call number 443-898-2755, which was utilized by Brian NETTLES, and wire and electronic communications over the cellular telephone assigned call number (410) 419-1881, which was utilized by Darrell RANDOLPH. RANDOLPH and NETTLES were indicted with JEFFRIES for their involvement in the SMITH DTO.

9. On October 20, 2014, at approximately 10:10 p.m., Darrell RANDOLPH received a call from Vincent JONES. During the call, JONES asked RANDOLPH, "Where that joint at man...Where the uh, where'd ya put the charms at man?" RANDOLPH asked, "What, the readies?" JONES replied, "No, where my joint at?" RANDOLPH then asked, "the dopes?" JONES replied, "the pack, yeah." RANDOLPH answered, "Alright, I got to call "P" man." JONES said, "Alright man, go ahead and call him yo cause yeah, I need that now. ASAP." Based upon my training and experience, I believed that during this call, JONES told RANDOLPH that he needed a fresh pack of twenty-five heroin-filled gelatin capsules because he had customers ready to purchase them and JONES believed that RANDOLPH had narcotics stashed and ready for distribution at his house. RANDOLPH told JONES that he would have to call Derek SHORTS ("P") to tell him to give a pack to JONES because SHORTS was keeping the packs at his residence and RANDOLPH was, at this time, out of narcotics.

10. The above telephone conversation is similar in nature to multiple other telephone calls intercepted during the authorized interception, to include conversations referencing narcotics and firearms.

11. On multiple occasions surveillance was conducted and Vincent Jones was observed with known members of the Smith Drug Trade Organization.

12. On December 10, 2014, Vincent Jones was indicted by a federal grand jury for violations of 21 U.S.C. 846.

13. On December 16, 2014, law enforcement arrested JONES on the federal arrest warrant. At approximately 3:45 pm, law enforcement observed JONES exiting Total Health Care, 1501 W. Saratoga Street, Baltimore, MD, where he was taken into custody without incident. The following items were recovered from JONES: (1) Samsung, model SCH-U365 cellular telephone bearing MEID: A0000045B6A84A and telephone number 410-241-9468; and, (2) ZTE cellular telephone bearing S/N: 327B41625F17 and telephone number 443-325-3568.

## **CONCLUSION**

Based on the above information, I submit that there is probable cause to believe that the Subject Electronic Device, and the records therein contain evidence, fruits, and/or instrumentalities of violation of 21 U.S.C. § 846. As a result of this information, I seek a warrant authorizing the forensic examination of the **Subject Electronic Devices** for the purpose of identifying electronically stored data particularly described in Attachment B, using the protocols described on Attachment C, which constitute fruits, evidence and instrumentalities of violation of 21 U.S.C. § 846, which prohibits the distribution of a controlled substance.

Christian Aanonsen
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this _9th_ day of January, 2015.

                                            _____
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge